**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| v. | ) | Case No: 18 C 2087 |
| | ) | |
| | ) | Judge Ronald A. Guzmán |
| **Benito Mojica,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated above, Defendant's § 2255 motion [1] is denied, and the Court declines to issue a certificate of appealability. Civil case terminated.

## STATEMENT

**Background**

Defendant was charged in January 2013 with conspiring to possess cocaine with the intent to distribute and distribute cocaine after allegedly participating in a large-scale drug-trafficking organization run by an individual known as Gallo. Mojica's first trial ended in a mistrial on June 29, 2014 after the jury was unable to reach a unanimous verdict. On July 8, the government filed a superseding indictment, which charged Mojica with the following crimes: conspiring to knowingly and intentionally possess with the intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; knowingly and intentionally possessing with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three); and using a cellular telephone in the commission of a felony, namely, conspiracy to possess with intent to distribute and distribution of a controlled substance, or possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 843(b) (Counts Four through Seven). A trial was held on the charges in the superseding indictment and Defendant was convicted on all counts. The Court sentenced him to 120 months' imprisonment, which the Seventh Circuit affirmed. *United States v. Mojica*, 863 F.3d 727 (7th Cir. 2017).[1]

Currently before the Court is Defendant's motion for relief under 28 U.S.C. § 2255, which allows a federal prisoner to move to vacate his sentence or conviction on several grounds,

---

[1] The Seventh Circuit also rejected Defendant's appeal of this Court's denial of a motion to suppress evidence obtained during a search of Defendant's garage, but that issue is not relevant to the instant motion.

including because "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice."  *Martin v. United States*, No. 16 C 6405, 2017 WL 2805233, at *2 (N.D. Ill. June 28, 2017) (internal citations and quotation marks omitted).  The Court liberally construes Defendant's pro se filings.  *See Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017).

Defendant contends that trial counsel was ineffective for failing to call at trial two codefendants, Luis Ramirez-Padilla and Helein Ramirez-Padilla, as witnesses, and that appellate counsel was ineffective for failing to raise on appeal trial counsel's failure to call the Ramirez-Padilla brothers as witnesses.  Defendant also argues that appellate counsel was ineffective for not challenging on appeal this Court's rulings allowing two potential defense witnesses, Laura Zamudio and Rogelio Gallegos, to avoid testifying by invoking their right against self-incrimination.  Defendant further contends that the Court erred in barring the testimony of an investigator regarding his interview of defense witness Zamudio.  Finally, Defendant asserts that the cumulative nature of trial counsel's ineffectiveness entitles him to relief.

**Analysis**

In addressing Defendant's claims, the Court assumes knowledge of the extensive background facts and procedural history of this case, but provides some details when they are relevant to Defendant's claims and the Court's analysis.

A defendant seeking relief for purported ineffective assistance of counsel must demonstrate that counsel's performance was so deficient as to be objectively unreasonable under prevailing professional norms and that he suffered prejudice as a result of counsel's deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.

Defendant first contends that his trial counsel was deficient for having failed to contact or call Luis and Helein Ramirez-Padilla, two codefendants who pleaded guilty and "would have testified that [Defendant] did not provide and rent out his home or apartment to become a 'stash house' for Gallo's illegal activities, or as part of a conspiracy to distribute cocaine."  (Def.'s § 2255 Mot., Dkt. # 1, at 8.)  "Where a petitioner claims his trial counsel failed to call a witness, he must make a specific, affirmative showing as to what the missing evidence would have been and prove that this witness's testimony would have produced a different result."  *Bloch v. United States*, No. 12 CR 2, 2018 WL 4491342, at *7 (N.D. Ind. Sept. 18, 2018) (citation and internal quotation marks omitted).  Defendant wholly fails to make such a showing; thus, denial of this claim is warranted on that basis alone. *See Jones v. United States*, No. 17 CV 1498, 2018 WL 3609639, at *9 (S.D. Ind. July 27, 2018) (Defendant's "petition must be accompanied with a

detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.") (citation and internal quotation marks omitted).  In any event, trial counsel's likely strategic decision not to call these individuals was quite reasonable given that Luis Ramirez-Padilla admitted in his plea declaration that he had delivered drugs to Gallo's customers, including Defendant.  (*United States v. Luis Ramirez-Padilla*, 12 CR 755, Plea Decl., Dkt. # 643, at 3.)   The same is true for Helein Ramirez-Padilla; trial counsel was sufficiently concerned about Gallo's testimony (for the government) that Helein delivered drugs to Defendant that counsel sought pretrial to exclude such evidence.  (*Id*., Pretrial Conf. Tr., Dkt. # 1325, at 12-13) ("The Court:   Okay. So you want to exclude any evidence of drug transactions between your client and his alleged co-conspirators during the months of November 2011 to February 2012?   Mr. Sassan: Right, that involved Helein Ramirez-Padilla.")  "If counsel has investigated witnesses and consciously decided not to call them, the decision is probably strategic."  *Jones*, 2018 WL 3609639, at *9.   Trial counsel's decision to avoid testimony by witnesses who could be cross-examined and implicate his client in the alleged conspiracy is "virtually unchallengeable."  *Strickland*, 466 U.S. at 690.   Accordingly, this basis for relief is denied.

Defendant also argues that appellate counsel was ineffective for not raising on appeal the failure to call the Ramirez-Padilla brothers.   "Appellate ineffective-assistance claims require the reviewing court to look at the issue that appellate counsel failed to raise, and determine whether that issue was 'obvious and clearly stronger' than issues that appellate counsel did raise."  *Walker v. Griffin*, 835 F.3d 705, 709 (7th Cir. 2016) (citation omitted).   However, the Court has concluded that trial counsel's decision not to call Luis and Helein Ramirez-Padilla as witnesses was a valid strategic decision; thus, Defendant fails to establish a "reasonable probability that the issue[] appellate counsel did not raise would have changed the outcome of his appeal."  *Miller v. United States*, No. 16 C 4387, 2018 WL 3973536, at *11 (N.D. Ill. Aug. 20, 2018).[2]

---

[2]   Moreover, Defendant (through new counsel who was retained after Defendant's conviction) did not raise in his post-trial motions trial counsel's failure to call the Ramirez-Padilla brothers; thus, if appellate counsel had raised an ineffective assistance of counsel claim in that regard, it would have been subject to the more stringent plain-error standard of review.  *United States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014) ("[Defendant] never asked that judge to give him a new trial on the ground that his counsel had furnished ineffective assistance.   This means that appellate review is limited by the plain-error standard of Fed. R. Crim. P. 52(b).   And the Supreme Court has concluded that the plain-error standard is a demanding one.").

3

Defendant's next claim relates to the testimony of two witnesses, Laura Zamudio and Rogelio Gallegos, who exercised their Fifth Amendment right against self-incrimination when called to testify by Defendant. After Zamudio and Gallegos provided offers of proof outside the presence of the jury as to how they would invoke the privilege regarding the issues about which defense counsel wished them to testify (and the government's proposed cross-examination on those issues), the Court granted their motions to invoke the privilege and did not require them to testify.[3] (*United States v. Mojica*, 12 CR 755 (N.D. Ill.), Dkt. # 766; *id.*, Dkt. # 1355, at 676-681, 728-737.) Defendant contends that appellate counsel was ineffective for not appealing the Court's orders allowing these witnesses not to testify, but fails to indicate how the Court's rulings were in error; thus, the claim is waived. Nor can this Court discern any successful challenge on appeal regarding its rulings given that it conducted an offer of proof outside the presence of the jury, and concluded as to both individuals that the questions, particularly on cross-examination, could expose both to criminal prosecution. *United States v. Longstreet*, 567 F.3d 911, 922 (7th Cir. 2009) ("[W]hen a witness invokes his Fifth Amendment right, the district court should confirm that he 'cannot possibly incriminate himself,' and if the 'witness's testimony may make him vulnerable to prosecution, the trial court may allow him to . . . refuse to testify.'") (citation omitted). A review of the trial transcript and the written ruling for Zamudio provides no basis on which to conclude that appellate counsel's failure to raise the issue on appeal constituted ineffective assistance of counsel. Therefore, this basis for relief is denied.

Defendant appears to argue that appellate counsel was ineffective for failing to challenge the Court's ruling barring the testimony of defense investigator, Joseph Lahr, who had interviewed Laura Zamudio after the Court found her invocation of her Fifth Amendment privilege justified. Defendant sought to call Lahr to testify as to the details of his conversation with Zamudio. The government objected on the grounds of hearsay. Defendant asserted that Lahr's testimony was an exception to the hearsay rule under Federal Rule of Evidence 804(b)(3), given that Zamudio was unavailable as a witness due to her invocation of her Fifth Amendment privilege and her statements to Lahr were against her interest. The Court rejected Defendant's argument, finding that Zamudio's statements that Defendant sought to admit through Lahr were not statements against Zamudio's interest, and in addition, were not relevant or probative. (*United States v. Mojica*, No. 12 CR 755 (N.D. Ill.), Dkt. # 1355, at 714-721.) Defendant makes no argument in his § 2255 motion that the Court's ruling was incorrect or that the issue was "obvious and clearly stronger" than other issues raised on appeal. As such, this basis for relief is denied.

Finally, Defendant's assertion that the cumulative effect of counsel's errors entitles him to relief is unpersuasive given that the Court has concluded that even considered individually, none

---

[3] To the extent Defendant argues that the Court erred in allowing them to invoke the privilege and avoid testifying at trial, this is an issue that could have been raised on appeal and is therefore waived in the instant § 2255 motion. *Bechel v. United States*, No. 15 C 572, 2016 WL 5369468, at *3 (S.D. Ill. Sept. 26, 2016) ("Failure to raise an issue available at the time of appeal[] forfeits the claim during a future collateral attack.").

of the bases asserted by Defendant demonstrate that counsel's performance was so deficient as to be objectively unreasonable under prevailing professional norms. In any event, Defendant has not demonstrated prejudice.

**Conclusion**

For the reasons stated above, Defendant's § 2255 motion is denied. Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion; instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Stechauner v. Smith*, 852 F.3d 708, 718 (7th Cir. 2017). Under this standard, Defendant must demonstrate that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Defendant has failed to make such a showing; therefore, the Court declines to issue a certificate of appealability.

**Date**: December 19, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**